UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DARWIN KEITH BUSH,<br><br>Defendant | CASE NO. 1:01-CR-5137 AWI<br><br>ORDER ON DEFENDANT'S MOTION FOR 18 U.S.C. § 3582(c)(2) REDUCTION OF SENTENCE<br><br>(Doc. Nos. 502, 506, 507, 515, 516, 520) |

Currently before the Court is Defendant Darwin Bush's 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  Upon review of Bush's motion, the Court set a briefing schedule for the Plaintiff the United States to file an opposition and for Bush to file a reply.[1]  Having now received an opposition and a reply, the Court is now in a position to make a ruling.  For the reasons that follow, Bush's motion for a reduction of sentence will be denied.

**FACTUAL BACKGROUND**

In February 2004, Defendant Darwin Bush pled guilty to possession of crack cocaine with the intent to distribute pursuant to a plea bargain.  See Doc. No. 422.  As part of the plea bargain, Bush admitted that he possessed more than 50 grams of crack cocaine, which he intended to distribute, in violation of 21 U.S.C. § 841.  See Doc. No. 515.

---

[1] On August 21, 2013, Bush moved for an extension of time to file his reply.  See Doc. No. 520.  On September 10, 2013, Bush filed his reply.  See Doc. No. 522.  The Court will grant Bush's motion for an extension of time and will consider his reply as being timely filed.

In May 2004, Bush was sentenced. See Doc. Nos. 426, 430, & TR.[2] The probation office's Presentence Report found that, pursuant to Sentencing Guideline 2D1.1(c)(4), the base offense level was 32. See PR at 6. Because Bush was a career offender pursuant to sentencing guideline 4B1.1(b)(A), the offense level was increased to 37. See id. at 7. Because Bush accepted responsibility, the base offense level was decreased to 34. See id. The Presentence Report found that Bush's criminal history category was VI. See id. at 11. With an offense level of 34 and a criminal history category of VI, the sentencing range was 262 to 327 months. See id. at 14. The Presentence Report recommended a sentence of 262 months imprisonment. See id. at 16. During the sentencing, Bush's counsel urged the Court to sentence Bush on the low end of the sentencing range, but also noted that, due to the severity of the career offender guidelines, there was little that Bush could due to lower his sentencing range. See TR at 3-4. The Court adopted the findings and recommendations in the Presentence Report and sentenced Bush to 262 months imprisonment. See TR at 5.

In November 2006, Bush filed a motion to vacate his sentence under 28 U.S.C. § 2255. See Doc. No. 502. Bush's § 2255 motion was denied in October 2007.[3]

In April 2008, Bush filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). See Doc. No. 507. Counsel was subsequently appointed to Bush for this motion. See Doc. No. 512. Following a stipulation between the United States and Bush's appointed counsel, Bush was resentenced pursuant to 18 U.S.C. § 3582(c)(2) to 210 months imprisonment. See Doc. Nos. 510, 511, 513, 514. As part of the stipulation, it was agreed that the base offense level would be reduced from 34 to 32. See Doc. No. 510.

In November 2011, Bush filed this motion to further reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). See Doc. No. 515.

---

[2] Plaintiff's opposition attached two exhibits, the transcript of the May 3, 2004 sentencing and a copy of the probation office's Presentence Report. See Doc. No. 518. A reference to "TR" refers to the May 2004 sentencing transcript, and a reference to "PR" refers to the "Presentence Report" of the probation office.

[3] When a § 2255 motion is filed, a civil case is opened, and filings are made in both the new civil case and the old criminal case dockets. The order denying Bush's § 2255 motion was filed in the civil case and served on Bush on October 3, 2007. See Doc. No. 2 in Case No. 1:06-cv-1704 AWI. However, the order was not filed in the criminal docket. In order to properly reflect the state of the proceedings, the Court will order the clerk to file the § 2255 order in the criminal docket.

**DEFENDANT'S MOTION**

*Defendant's Argument*

On June 30, 2011, the U.S. Sentencing Commission voted to give retroactive effect to Sentencing Guidelines Amendment 750.  Amendment 750 reduces the sentencing guideline range for certain crack cocaine offenders.  Under 18 U.S.C. § 3582(c)(2), the Court has the discretion to reduce Bush's 210 month sentence.  Under Amendment 750, Bush's base level offense would be reduced from 32 to 26.  With a criminal history category of VI, the resulting range would then be 120 to 150 months.  The Court should utilize its discretion and grant the reduction.  The Court has previously granted a reduction in sentence, 120 to 150 months reflects the seriousness of the offense, it would deter criminal conduct, it would protect police from Bush, and it would provide Bush with educational, vocational, medical, and correctional treatment.

In reply, Bush acknowledges that courts have held that individuals sentenced under the career offender range do not qualify for a reduction under § 3582(c)(2) and Amendment 750.  However, the rationale of *Dorsey v. United States*, 132 S. Ct. 2321 (2012) applies to this case.

*Plaintiff's Opposition*

The United States argues that Bush is not entitled to a reduction of sentence.  Bush was sentenced pursuant to the career offender guideline, he was not sentenced pursuant to the crack cocaine guideline.  Because he was sentenced under the career offender guideline, Amendment 750 does not apply to him.  Although Bush did get a sentence reduction in 2008, it was error by the United States to agree to the reduction.

*Legal Standard*

"As a general matter, courts may not alter a term of imprisonment once it has been imposed."  United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007).  Nevertheless, 18 U.S.C. § 3582(c)(2) creates an exception to this general rule and allows a modification if:  (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such a reduction is consistent with the policy statements issued by the Sentencing Commission."  United States v. Pleasant, 704 F.3d 808, 810 (9th Cir. 2013); United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009).

Generally, the sentence imposed for a drug offense is determined by Sentencing Guideline § 2D1.1(c), which correlates the prison term to the quantity of drugs involved. See Wesson, 583 F.3d at 731. However, where a defendant is classified as a "career offender", Sentencing Guideline § 4B1.1 establishes an alternative sentencing scheme. See id. at 731. For purposes of the § 3582(c)(2) inquiry, "a drug offense sentence that is 'based on' a sentencing range calculated under [Sentencing Guideline] § 4B1.1 because the defendant was a career offender cannot have been 'based on' a sentencing range calculated under the § 2D1.1 drug amount table. The two sentencing schemes are mutually exclusive." Id.

*Discussion*

Here, the Presentence Report, which was adopted by the Court, and the 262 month sentence imposed, clearly demonstrate utilization of the § 4B1.1 career offender sentencing range.[4] Bush himself does not challenge, and in fact concedes, that he was sentenced as a career offender under Sentencing Guideline § 4B1.1. See Reply at 4:6-7 ("Even though Bush was sentenced as a career offender . . . ."). Because Bush was sentenced as a career offender under § 4B1.1, and not under § 2D1.1, he is not eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 750. See United States v. Doucette, 2013 U.S. App. LEXIS 22844 (9th Cir. Nov. 12, 2013); United States v. McGee, 2013 U.S. App. LEXIS 15919 (9th Cir. Aug. 1, 2013); United States v. Bray, 503 Fed. Appx. 519, 420 (9th Cir. 2012); Wesson, 583 F.3d at 731-32. Bush's motion for a reduction of sentence must be denied.[5] See id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for sentence reduction (Doc. No. 515) is DENIED;

---

[4] The Court notes that the stipulation that was agreed to by the United States and signed by this Court was in 2008, see Doc. Nos. 511, 513, 514, and thus, pre-dates the Ninth Circuit's 2009 *Wesson* decision.

[5] *Dorsey v. United States*, 132 S. Ct. 2321 (2012) does not change this result. "*Dorsey* carefully confined its application of the Fair Sentencing Act to pre-Act offenders who were sentenced after the Act." United States v. Robinson, 697 F.3d 443, 445 (7th Cir. 2012). "*Dorsey* did not alter the principle that a defendant is only entitled to a sentence reduction if an amendment altered the sentencing guidelines that were actually used at sentencing." United States v. Green, 514 Fed. Appx. 163, 166 (3d Cir. 2013). Because Bush was sentenced under § 4B1.1, he is not entitled to a reduction. See id.; Wesson, 583 F.3d at 731-32.

4

2. Defendant's motion for extension of time (Doc. No. 520) is GRANTED;

3. Defendant's motion for a status report (Doc. No. 516) is DENIED as moot;

4. The Clerk shall correct the docket to reflect that Doc. No. 507 has been resolved and is not pending;

5. The Clerk shall file in the Criminal Docket the October 3, 2007, order denying 28 U.S.C. § 2255 relief, which is Doc. No. 2 in Civil Case No. 1:06-cv-1704 AWI; and

6. The Clerk shall correct the docket to reflect that Criminal Docket entries 502 and 506 are not pending.

IT IS SO ORDERED.

Dated:   January 6, 2014                              _____
                                                                            SENIOR  DISTRICT  JUDGE