IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN KEITH BUSH,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CV F 01-5137 AWI<br>(CR F 06-1704 AWI)<br><br>ORDER DENYING PETITONER'S MOTION TO CORRECT, VACATE OR SET ASIDE HIS SENTENCE PURSUANT TO 28 U.S.C., SECTION 2255<br><br>(28 U.S.C. § 2255) |

### INTRODUCTION

In this case, petitioner Darwin Keith Bush ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 262 months that was imposed by this court on May 3, 2004, following Petitioner's entry of a plea of guilty to one count of possession of greater than 50 grams of cocaine base/crack cocaine with intent to distribute in violation of 21 U.S.C., section 841(a)(1). For the reasons that follow, motion pursuant to section 2255 will be denied.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner was convicted by a plea of guilty on May 3, 2004, to one felony count of possession of greater than 50 grams of crack cocaine for sale in violation of 21 U.S.C., section

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

841(a)(1). The plea of guilty was pursuant to a negotiated plea agreement. In the plea agreement, Petitioner waived rights to appeal, except that the right to appeal the court's admission of evidence of a disputed search was reserved. In addition, Petitioner agreed that the amount of crack cocaine that was recovered from the search of the car Petitioner was driving was 73.7 grams. Pursuant to the plea agreement, the government agreed to move to dismiss the information that alleged prior drug convictions pursuant to 21 U.S.C., section 851, but the parties acknowledged that the Government believed that Petitioner would be found a "career offender" pursuant to section 4B1.1 of the United States Sentencing Guidelines ("USSG") based on Petitioner's prior felony convictions in state court. Petitioner received a 3-level downward departure for acceptance of responsibility and the Government agreed to recommend the sentence be at the low end of the Guideline range.

A Presentence Investigation Report ("PIR") was prepared by the Probation Department. Because of Petitioner's prior state drug-related felony convictions, Petitioner was found to be a "career offender" within the meaning of section 4B1.1 and a criminal history category of VI was assigned. Pursuant to USSG 4B1.1(b), the overall offense level was calculated to be 37, which was reduced three-points for acceptance of responsibility. The resulting sentencing guideline range was 262 to 327 months imprisonment. Petitioner was sentenced to the low end of that range.

Judgment was entered on May 7, 2004. Petitioner's appeal of this court's denial of Petitioner's motion to suppress evidence, which had been filed on May 4, 2004, was pending at the Ninth Circuit Court of Appeal as of the date of judgment. The appellate court affirmed this court's denial of the motion to suppress on August 12, 2005. Although the court's docket does not reflect the fact, Petitioner alleges a petition for writ of certiorari to the Untied States Supreme Court was timely filed and the petition for writ was denied on November 28, 2005. The court will accept Plaintiff's representations regarding the filing for writ of certiorari as factual for purposes of this discussion. The instant motion to correct, set aside, or vacate the judgment

pursuant to 28 U.S.C., section 2255 was therefore timely filed on November 27, 2006.

## LEGAL STANDARD

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Petitioner presents his motion pursuant to section 2255 as being a claim for ineffective assistance of counsel.  The substance of Petitioner's claim is that he received a sentence in excess of the statutory maximum based on factors that were applied in violation of the rule set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000) as applied to the USSG in United States v. Booker, 543 U.S. 220, 243-244 (2005).  Petitioner makes no factual allegations as to the connection between his attorney's performance and his substantive claims.  For purposes of this discussion, the court will assume that what Petitioner is attempting to allege is that he was denied effective assistance of counsel when his attorney failed to object at sentencing to the enhancement of his

3

sentence by consideration of facts that were not admitted or proven beyond a reasonable doubt.

**I. Waiver**

The plea agreement signed by Petitioner states that petitioner "waives any right to appeal his sentence, directly of subsequently, provided that the sentencing court accepts the stipulations between the parties and follows the recommendations of the government as set forth below." The plea agreement is silent, so far as the court can discern, as to Petitioner's right to collaterally attack his sentence. While a waiver of the right to challenge the sentence by way of a motion pursuant to section 2255 may have been intended, the intention was not made explicit and the court will not assume the right was waived. The court will therefor address Petitioner's substantive contentions directly, as well as addressing his claim of ineffective assistance of counsel.

**II. The Rule in Apprendi and its Progeny**

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any penalty that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." Id. at 490. Apprendi's rule, which was originally applied to a sentencing provision of New Jersey law, was later applied by the Supreme Court to sentences determined under the United States Sentencing Guidelines by United States v. Booker, 543 U.S. 220, 243-244 (2005).

The crux of Petitioner's claims with respect to Apprendi and its progeny is his general allegation that his sentence was elevated by the consideration of "'relevant or related conduct' that was never charged, mentioned or pled to," and the drug amount which was beyond the amount charged in the indictment. Petitioner does not elaborate on what facts were considered that were "never charged, mentioned or pled to."

The court has carefully reviewed the PIR and finds that the only factors considered therein that served to enhance Petitioner's sentence are the facts of Petitioner's prior convictions in state court on drug or firearm-related charges. The Ninth Circuit has consistently held that the


holding in Apprendi did not require the fact of a prior conviction that elevates the sentence be proven beyond a reasonable doubt, and no case since Apprendi has ever held otherwise. See United States v. Quintana-Quintana, 383 F.3d 1052, 1053 (9th Cir. 2004) (listing case authority for the proposition that the fact of a prior conviction constitutes an established exception to Apprendi's general rule).  Thus, although Petitioner's legal contentions with respect to Apprendi and its progeny are essentially accurate, the legal principles established by those cases simply do not apply in Petitioner's case.  The only two factors that played any role in the enhancement of Petitioner's sentence were the facts of his prior convictions, which need not be proven to a jury beyond a reasonable doubt, and (arguably) the amount of drug, which Petitioner admitted as part of his plea agreement.

**III. Ineffective Assistance of Counsel**

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong. Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

Petitioner's claim fails for lack of a showing of prejudice.  To the extent Petitioner's motion attempts to allege he suffered ineffective assistance because his attorney failed to make a critical objection or demand proof of some fact beyond a reasonable doubt, the claim must fail

because Petitioner has failed to show there was any basis for such an objection or demand for proof.  See Lowery v. Lewis, 21 F.3d 344346 (9th Cir. 1994) ("A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law").

Based on the foregoing discussion, the court concludes Petitioner's claim of ineffective assistance of council and his claim of Apprendi error are without merit.  Petitioner's motion pursuant to section 2255 is therefore DENIED.  The clerk of the court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated:      October 2, 2007**                                     **/s/ Anthony W. Ishii**
                                                                                    UNITED STATES DISTRICT JUDGE